**AMERICAN EXPRESS TRAVEL RELATED SERVICES,**
Appellant,

v.

**O.L. HARRIS, Appellee.**

**No. B14–91–01097–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 28, 1992.

Elizabeth Meador Bruman, Houston, for appellant.

Linda Wells, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

PAUL PRESSLER, Justice.

Plaintiff below appeals from an order and final judgment granting appellee's motion to dissolve a writ of garnishment. The judgment is reversed and rendered.

Appellant sought and obtained a writ of garnishment against Bank One, Texas, N.A., garnishee, for funds on deposit and held on behalf of appellee in an amount then due and owing under a prior and subsisting judgment granted appellant against appellee. Thereafter, appellee requested the trial court to dissolve the writ, alleging that the funds on deposit with Bank One were exempt from garnishment under the Texas Property Code as "current wages for personal services." TEX.PROP. CODE ANN. § 42.001 (Vernon Supp.1992).

After a hearing, the trial court granted appellee's Motion to Dissolve Writ of Garnishment, finding that the funds on deposit in the garnished account were proceeds from current wages for personal services and, as such, were exempt from garnishment under Article XVI, § 28 of the Texas Constitution and § 42.001 of the Texas Property Code. Appellant's motion for new trial was overruled by operation of law.

The prerequisites for the issuance of a writ of garnishment after judgment are set forth in TEX.CIV.PRAC. & REM.CODE ANN. § 63.001(3), which provides that such a writ is available if "a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." Here, appellant's Application for Writ of Garnishment After Judgment and supporting affidavits satisfied these statutory requirements.

Pursuant to TEX.R.CIV.P. 664a, appellee, in its Motion for Dissolution of Writ of Garnishment, was then required "to admit or deny each finding of the order directing issuance of the writ except where the movant is unable to admit or deny the finding, in which case movant shall set forth the reasons why he cannot admit or deny." In the present case, appellee did not admit or deny or give any reasons why he could not admit or deny each finding of the order directing the issuance of the writ of garnishment. Instead, appellee merely asserted that "any and all funds on deposit in said account at Bank One were current wages paid to Movant, O.L. Harris, for personal services, and thus exempt from garnishment under the Texas Property Code...." Because appellee did not dispute the grounds appellant relied upon for the issuance of the writ of garnishment, the only issue presented to the trial court was whether the funds on deposit were exempt from garnishment under the Texas Constitution, the Property Code, and the Civil Practice and Remedies Code.

Article XVI, § 28 of the Texas Constitution provides that "[n]o current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered child support payments." A prohibition on garnishment of wages first appeared in the Texas Constitution in 1876. It has remained unchanged since that time, except for the 1983 amendment which allowed garnishment of wages for the collection of child support. *See Caulley v. Caulley*, 806 S.W.2d 795, 799 (Tex.1991) (J. Mauzy, concurring). This language has been codified in TEX.PROP.CODE ANN. § 42.002(8) (now TEX.PROP.CODE ANN. § 42.001(b)(1)) and TEX.CIV.PRAC. & REM.CODE ANN. § 63.-004.

In construing the above provisions, Texas courts have held that when wages are paid to and received by the wage-earner, they cease to be "current" for purposes of the exemption laws. *Buttles v. Navarro*, 766 S.W.2d 893, 894 (Tex. App.—San Antonio 1989, no writ); *Barlow v. Lane*, 745 S.W.2d 451, 453 (Tex.App.—Waco 1988, writ denied); *Salem v. American Bank of Commerce*, 717 S.W.2d 948, 949 (Tex.App.—El Paso 1986, no writ); *Sutherland v. Young*, 292 S.W.2d 581, 582–83 (Tex.Civ.App.—Waco 1927, no writ); *See also Schultz v. Cadle Co.*, 825 S.W.2d 151, 153–54 (Tex.App.—Dallas 1992, n.w.h.). Applying this rule to the present

case, when appellee received his paychecks from his employer and deposited them into his checking account with garnishee bank, such wages were no longer exempt and were properly subject to garnishment by appellant.

In 1989, the Texas legislature amended the turnover statute to provide that:

A court may not enter or enforce an order under this section that requires the turnover of *the proceeds of,* or the disbursement of, property exempt under any statute, including Section 42.0021, Property Code.

TEX.CIV.PRAC. & REM.CODE ANN. § 31.002(f) (Vernon Supp.1992) (emphasis added). This exemption of the proceeds from current wages has not been applied to garnishment. Because a turnover order is directed to the judgment debtor himself rather than to a third party, it is not a "garnishment" within the meaning of the Texas Constitution. Accordingly, this exemption cannot be applied to appellee in the present case.

The trial court abused its discretion in granting appellee's Motion to Dissolve the Writ of Garnishment. The judgment is reversed and rendered accordingly.