# NO. 12-07-00487-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SANDRA FITZPATRICK,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #2* |
| *LEASECOMM CORPORATION AND* *EAST TEXAS PROFESSIONAL CREDIT* *UNION, LONGVIEW,* *APPELLEES* | § | *GREGG COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Sandra Fitzpatrick appeals the trial court's order denying her motion to dissolve a writ of garnishment obtained by Leasecomm Corporation. In five issues, Fitzpatrick contends the trial court erred in determining that her wages lost their exempt status when they were electronically deposited in East Texas Professional Credit Union. We affirm.

### BACKGROUND

Leasecomm Corporation obtained a writ of garnishment against East Texas Professional Credit Union, Longview, for funds on deposit and held on behalf of Appellant, Sandra Jones Fitzpatrick, in an amount owing under a final, valid, and subsisting judgment granted Leasecomm against Fitzpatrick. The credit union was served on June 28, 2007. On the next day, June 29, 2007, Fitzpatrick's paycheck for $1,410.17 was electronically deposited in her account at the garnishee credit union where it became entrapped or impounded by the writ of garnishment. Fitzpatrick moved to dissolve the writ of garnishment alleging that her accounts in the credit union contained current

wages, which were exempt from execution and garnishment. After a hearing, the trial court denied Fitzpatrick's motion, holding that her wages lost their exempt status when they were electronically deposited in her credit union. The court granted Leasecomm judgment against the credit union for the amount of Fitzpatrick's accounts, less the credit union's attorney's fees, and discharged the credit union.

### STATUS OF WAGES AFTER DEPOSIT

In five issues, Fitzpatrick contends that her electronically deposited paycheck retained its exempt status as current wages even after its deposit into her credit union account and therefore, the trial court abused its discretion in denying her motion to dissolve the writ of garnishment. Because all five of Appellant's issues raise the same question of when current wages lose their exempt status, we will address them as one issue.

### Standard of Review

The trial court's decision to grant or deny a motion seeking dissolution of a writ of garnishment is reviewed by an abuse of discretion standard. *Gen. Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 705 (Tex. App.–Houston [14th Dist.] 2007, pet. denied). A trial court abuses its discretion if it acts without reference to guiding rules and principles, or in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

### Applicable Law

Article XVI, Section 28 of the Texas Constitution provides that "[n]o current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered . . . child support payments. . . ." This language has been codified in Texas Property Code, section 42.001(b)(1), and Texas Civil Practice and Remedies Code, section 63.004.

Wages cease to be current and are no longer exempt immediately upon their being paid to and received by the wage earner. *Am. Express Travel Related Servs. v. Harris*, 831 S.W.2d 531, 532-33 (Tex. App.–Houston [14th Dist.] 1992, no writ); *Barlow v. Lane*, 745 S.W.2d 451, 453 (Tex. App.–Waco 1988, writ denied). The exemption continues only until (1) the wages are due and in the possession of the debtor, or (2) upon the debtor's demand, could be in his possession. *Sloan v.*

2

*Douglass*, 713 S.W.2d 436, 440 (Tex. App.–Fort Worth 1986, writ ref'd n.r.e.). The exemption continues until such time when the employee can collect his wages in the exercise of due diligence. *Lee v. Emerson-Brantingham Implement Co.*, 222 S.W. 283, 284 (Tex. Civ. App.–Dallas 1920, no writ).

**Discussion**

Appellant argues that Article XVI, Section 28 of the Texas Constitution was enacted for the benefit of the wage earner in order to protect her ability to use her wages to meet and defray her current living expenses. She argues that when the Texas Constitution was adopted, electronic or direct deposits were unknown. She contends that if her wages can be subject to garnishment after such an electronic transfer and before she had the opportunity to use them for her current living expenses, the result is the same as garnishment of wages in the hands of the employer and the purpose of the constitutional provision is defeated.

A long line of garnishment cases has consistently held that wages cease to be "current" and are no longer exempt when they are received by the wage earner or become subject to the wage earner's control. *See **Am. Express Travel Related Servs.**,* 831 S.W.2d at 532, and the cases therein cited. If the wage earner deposits them with another, they are subject to garnishment. ***Sloan**,* 713 S.W.2d at 436. Fitzpatrick points out, however, that the garnishment exemption for social security and veterans' benefits protects those funds even after they are deposited in a bank account and commingled with other funds. ***Philpott v. Essex County Welfare Bd.**,* 409 U.S. 413, 415-16, 93 S. Ct. 590, 592, 34 L. Ed. 2d 608 (1973) (social security benefits); ***Porter v. Aetna Cas. Co.**,* 370 U.S. 159, 160-61, 82 S. Ct. 1231, 1232-33, 8 L. Ed. 2d 407 (1962) (veteran's benefits).

On their face, the exemptions provided disability benefits by the Social Security Act, 42 U.S.C. § 407(a), and veterans' benefits, 38 U.S.C. §§ 3101(a), 5301(a), are much broader than the protection afforded "current" wages by the Texas Constitution and statutes. The Social Security Act provides that "none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process. . . ." 42 U.S.C. § 407(a). The Supreme Court held in ***Philpott*** that the protection afforded was to "moneys paid," and the benefits received retained the quality of "moneys" and their exempt status even after they had been deposited in an account where they were readily withdrawable for the recipient's benefit. ***Philpott**,*

3

409 U.S. at 416, 93 S. Ct. at 592. Veterans' benefits payments are "exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, *either before or after receipt by the beneficiary*." 38 U.S.C. § 5301(a) (emphasis added). The Supreme Court held that such payments retained their exempt status after their deposit in a federal savings and loan institution because the payments deposited retained the "quality of moneys." *Porter*, 370 U.S. at 162, 82 S. Ct. at 1233. However, these provisions do not apply to wages.

Fitzpatrick also maintains that Texas Civil Practice and Remedies Code section 31.0025 pertaining to turnover orders should be read to apply to writs of garnishment. This section was enacted to stop the issuance of turnover orders directing the debtor or any other person to turn over the debtor's paycheck. In relevant part, the section states that "a court may not, at any time before a judgment debtor is paid wages for personal services performed by the debtor, enter or enforce an order that requires the debtor or any other person to turn over wages for the satisfaction of the judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 31.0025(a) (Vernon 2008). It also states that "[t]his section applies to wages in any form, including paycheck, cash or property." *Id.* § 31.0025(b). Section 31.002(f) of the Texas Civil Practice and Remedies Code provides that "[a] court may not enter or enforce an order under this section that requires the turnover of the proceeds of, or the disbursement of, property exempt under any statute. . . ." *Id.* § 31.002(f). A turnover order is directed to the judgment debtor rather than to a third party. *See Am. Express Travel Related Servs.*, 831 S.W.2d at 533. Therefore, it is not a "garnishment" contemplated by the Texas Constitution. *See id.* The cases regarding turnover orders are inapposite, and the exemption of unpaid wages from turnover orders is inapplicable to garnishment. *See id.*

Finally, Fitzpatrick contends that when her paycheck was electronically deposited in her account, she had not "received" it, because it was immediately trapped by the writ of garnishment and she had had no opportunity to spend it on her daily living expenses.

Fitzpatrick's argument rests upon her assumption that an electronic direct deposit of her paycheck in her account differs in legal effect from its ordinary deposit. Direct deposits serve the convenience of both wage earner and employer, and they are ordinarily made at the direction of the wage earner. Fitzpatrick does not contend that the electronic transfer was made without her

4

authorization.  We perceive no difference in the legal effect of a direct deposit made at Fitzpatrick's direction and a deposit made by her at a teller's window.  We therefore conclude that Fitzpatrick's wages lost their exempt status and became subject to garnishment upon their deposit in Fitzpatrick's credit union account.  The trial court did not abuse its discretion in denying Fitzpatrick's motion to dissolve the writ of garnishment.  Fitzpatrick's five issues are overruled.

## DISPOSITION

The trial court's judgment is ***affirmed***.

BILL BASS
Justice

Opinion delivered September 17, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(PUBLISH)

5