NO. 12-07-00487-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


SANDRA FITZPATRICK,
§
 APPEAL FROM THE

APPELLANT



V.
§
 COUNTY COURT AT LAW #2


LEASECOMM CORPORATION AND

EAST TEXAS PROFESSIONAL CREDIT

UNION, LONGVIEW,

APPELLEES
§
 GREGG COUNTY, TEXAS

 

MEMORANDUM OPINION


 Sandra Fitzpatrick appeals the trial court's order denying her motion to dissolve a writ of
garnishment obtained by Leasecomm Corporation. In five issues, Fitzpatrick contends the trial court
erred in determining that her wages lost their exempt status when they were electronically deposited
in East Texas Professional Credit Union. We affirm. 


Background


 Leasecomm Corporation obtained a writ of garnishment against East Texas Professional
Credit Union, Longview, for funds on deposit and held on behalf of Appellant, Sandra Jones
Fitzpatrick, in an amount owing under a final, valid, and subsisting judgment granted Leasecomm
against Fitzpatrick. The credit union was served on June 28, 2007. On the next day, June 29, 2007,
Fitzpatrick's paycheck for $1,410.17 was electronically deposited in her account at the garnishee
credit union where it became entrapped or impounded by the writ of garnishment. Fitzpatrick moved
to dissolve the writ of garnishment alleging that her accounts in the credit union contained current
wages, which were exempt from execution and garnishment. After a hearing, the trial court denied
Fitzpatrick's motion, holding that her wages lost their exempt status when they were electronically
deposited in her credit union. The court granted Leasecomm judgment against the credit union for
the amount of Fitzpatrick's accounts, less the credit union's attorney's fees, and discharged the credit
union. 


Status of Wages After Deposit


 In five issues, Fitzpatrick contends that her electronically deposited paycheck retained its
exempt status as current wages even after its deposit into her credit union account and therefore, the
trial court abused its discretion in denying her motion to dissolve the writ of garnishment. Because
all five of Appellant's issues raise the same question of when current wages lose their exempt status,
we will address them as one issue. 

Standard of Review

 The trial court's decision to grant or deny a motion seeking dissolution of a writ of
garnishment is reviewed by an abuse of discretion standard. Gen. Elec. Capital Corp. v. ICO, Inc.,
230 S.W.3d 702, 705 (Tex. App.-Houston [14th Dist.] 2007, pet. denied). A trial court abuses its
discretion if it acts without reference to guiding rules and principles, or in an arbitrary or
unreasonable manner. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985).

Applicable Law

 Article XVI, Section 28 of the Texas Constitution provides that "[n]o current wages for
personal service shall ever be subject to garnishment, except for the enforcement of court-ordered
. . . child support payments. . . ." This language has been codified in Texas Property Code, section
42.001(b)(1), and Texas Civil Practice and Remedies Code, section 63.004.

 Wages cease to be current and are no longer exempt immediately upon their being paid to
and received by the wage earner. Am. Express Travel Related Servs. v. Harris, 831 S.W.2d 531,
532-33 (Tex. App.-Houston [14th Dist.] 1992, no writ); Barlow v. Lane, 745 S.W.2d 451, 453 (Tex.
App.-Waco 1988, writ denied). The exemption continues only until (1) the wages are due and in
the possession of the debtor, or (2) upon the debtor's demand, could be in his possession. Sloan v.
Douglass, 713 S.W.2d 436, 440 (Tex. App.-Fort Worth 1986, writ ref'd n.r.e.). The exemption
continues until such time when the employee can collect his wages in the exercise of due diligence. 
Lee v. Emerson-Brantingham Implement Co., 222 S.W. 283, 284 (Tex. Civ. App.-Dallas 1920,
no writ).

Discussion

 Appellant argues that Article XVI, Section 28 of the Texas Constitution was enacted for the
benefit of the wage earner in order to protect her ability to use her wages to meet and defray her
current living expenses. She argues that when the Texas Constitution was adopted, electronic or
direct deposits were unknown. She contends that if her wages can be subject to garnishment after
such an electronic transfer and before she had the opportunity to use them for her current living
expenses, the result is the same as garnishment of wages in the hands of the employer and the
purpose of the constitutional provision is defeated.

 A long line of garnishment cases has consistently held that wages cease to be "current" and
are no longer exempt when they are received by the wage earner or become subject to the wage
earner's control. See Am. Express Travel Related Servs., 831 S.W.2d at 532, and the cases therein
cited. If the wage earner deposits them with another, they are subject to garnishment. Sloan, 713
S.W.2d at 436. Fitzpatrick points out, however, that the garnishment exemption for social security
and veterans' benefits protects those funds even after they are deposited in a bank account and
commingled with other funds. Philpott v. Essex County Welfare Bd., 409 U.S. 413, 415-16, 93 S.
Ct. 590, 592, 34 L. Ed. 2d 608 (1973) (social security benefits); Porter v. Aetna Cas. Co., 370 U.S.
159, 160-61, 82 S. Ct. 1231, 1232-33, 8 L. Ed. 2d 407 (1962) (veteran's benefits). 

 On their face, the exemptions provided disability benefits by the Social Security Act, 42
U.S.C. § 407(a), and veterans' benefits, 38 U.S.C. §§ 3101(a), 5301(a), are much broader than the
protection afforded "current" wages by the Texas Constitution and statutes. The Social Security Act
provides that "none of the moneys paid or payable or rights existing under this subchapter shall be
subject to execution, levy, attachment, garnishment, or other legal process. . . ." 42 U.S.C. § 407(a). 
The Supreme Court held in Philpott that the protection afforded was to "moneys paid," and the
benefits received retained the quality of "moneys" and their exempt status even after they had been
deposited in an account where they were readily withdrawable for the recipient's benefit. Philpott,
409 U.S. at 416, 93 S. Ct. at 592. Veterans' benefits payments are "exempt from the claim of
creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable
process whatever, either before or after receipt by the beneficiary." 38 U.S.C. § 5301(a) (emphasis
added). The Supreme Court held that such payments retained their exempt status after their deposit
in a federal savings and loan institution because the payments deposited retained the "quality of
moneys." Porter, 370 U.S. at 162, 82 S. Ct. at 1233. However, these provisions do not apply to
wages.

 Fitzpatrick also maintains that Texas Civil Practice and Remedies Code section 31.0025
pertaining to turnover orders should be read to apply to writs of garnishment. This section was
enacted to stop the issuance of turnover orders directing the debtor or any other person to turn over
the debtor's paycheck. In relevant part, the section states that "a court may not, at any time before
a judgment debtor is paid wages for personal services performed by the debtor, enter or enforce an
order that requires the debtor or any other person to turn over wages for the satisfaction of the
judgment." Tex. Civ. Prac. & Rem. Code Ann. § 31.0025(a) (Vernon 2008). It also states that
"[t]his section applies to wages in any form, including paycheck, cash or property." Id. § 31.0025(b). 
Section 31.002(f) of the Texas Civil Practice and Remedies Code provides that "[a] court may not
enter or enforce an order under this section that requires the turnover of the proceeds of, or the
disbursement of, property exempt under any statute. . . ." Id. § 31.002(f). A turnover order is
directed to the judgment debtor rather than to a third party. See Am. Express Travel Related Servs.,
831 S.W.2d at 533. Therefore, it is not a "garnishment" contemplated by the Texas Constitution. 
See id. The cases regarding turnover orders are inapposite, and the exemption of unpaid wages from
turnover orders is inapplicable to garnishment. See id. 

 Finally, Fitzpatrick contends that when her paycheck was electronically deposited in her
account, she had not "received" it, because it was immediately trapped by the writ of garnishment
and she had had no opportunity to spend it on her daily living expenses.

 Fitzpatrick's argument rests upon her assumption that an electronic direct deposit of her
paycheck in her account differs in legal effect from its ordinary deposit. Direct deposits serve the
convenience of both wage earner and employer, and they are ordinarily made at the direction of the
wage earner. Fitzpatrick does not contend that the electronic transfer was made without her
authorization. We perceive no difference in the legal effect of a direct deposit made at Fitzpatrick's
direction and a deposit made by her at a teller's window. We therefore conclude that Fitzpatrick's
wages lost their exempt status and became subject to garnishment upon their deposit in Fitzpatrick's
credit union account. The trial court did not abuse its discretion in denying Fitzpatrick's motion to
dissolve the writ of garnishment. Fitzpatrick's five issues are overruled.


Disposition


 The trial court's judgment is affirmed.



 BILL BASS 

 Justice




Opinion delivered September 17, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.














(PUBLISH)