**SIMULIS, L.L.C., Appellant,**

v.

**G.E. CAPITAL CORPORATION, Appellee.**

No. 01–06–01041–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 26, 2008.

Gerald Fowler, Harmeyer & Fowler, P.C., TX, for Appellant.

R. Paul Yetter, Janet Guggemos Garza, Yetter, Warden & Coleman, L.L.P., Houston, TX, for Appellee General Electric Capital Corporation.

Michael J. Smith, Chernosky, Smith, Ressling & Smith, PLLC, Houston, TX, for Appellee Amegy Bank of Texas.

Panel consists of Justices TAFT, KEYES, and ALCALA.

## OPINION

TIM TAFT, Justice.

Appellant and judgment-debtor, Simulis, L.L.C. ("Simulis"), appeals from a final judgment that was rendered in a post-judgment garnishment proceeding in favor of G.E. Capital Corporation ("GE"), the garnishor and judgment creditor.[1] We determine (1) whether GE was required to obtain and to serve Simulis with certain findings of fact in this post-judgment garnishment proceeding and (2) whether the constitutional and statutory exemption of current wages from garnishment applies to the current wages, held by the debtor, of one other than the debtor. We affirm.

### Background

GE sued Simulis to recover for non-payment of a $100,000 promissory note. *See Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, No. 14–06–00701–CV, 2008 WL 1747483, at *1 (Tex.App.-Houston [14th Dist.] Apr. 17, 2008, no pet.). Simulis did not deny liability; rather, it asserted an offset defense and alleged counterclaims for breach of contract, promissory estoppel, and quantum meruit. *Id.* The trial court first granted summary judgment for GE on the note. *Id.* It then rendered a take-nothing summary judgment on Simulis's counterclaims and defenses, resulting in a final judgment for GE in May 2006 in the amount of $100,000 in actual damages, pre- and post-judgment interest, and $4,800 in attorney's fees.

---

1. Amegy Bank of Texas ("Amegy"), the garnishee, is not a party to this appeal.

Simulis did not supersede the judgment, but it did appeal it. That appeal was assigned to the Fourteenth Court of Appeals. In its appeal, Simulis did not challenge the rendition of judgment for GE on the note or the rendition of a take-nothing summary judgment on its offset defense or its breach-of-contract counterclaim. *Id.* The only portions of the judgment that Simulis challenged in its appeal were those portions rendering take-nothing summary judgment on its counterclaims for quantum meruit and promissory estoppel. *Id.*

On September 7, 2006, while Simulis's appeal was still pending in the Fourteenth Court of Appeals, GE filed an application for post-judgment garnishment of Simulis's bank account at Amegy. Amegy, the garnishee, was served with the writ on September 20, 2006 and answered. Simulis was served with the garnishment writ, GE's verified application for garnishment, and a copy of the May 2005 judgment very shortly thereafter.

On September 27, 2006, Simulis moved to dissolve the writ of garnishment. The trial court heard Simulis's motion on September 28, 2006, at which point the court orally denied the motion. On October 9, 2006, the trial court signed a final judgment of garnishment to which GE and Amegy had agreed. The judgment (1) recited that Simulis had been served in compliance with Texas Rule of Civil Procedure 663a;[2] (2) recited that Simulis's motion to dissolve the writ had been denied; (3) recited that the court approved the agreed judgment; (4) discharged Amegy from liability to GE and to Simulis to the extent of the judgment amount, which was the $35,351.33 that Amegy held in Simulis's

account; (5) provided that Amegy recover from Simulis $1,000 in costs and attorney's fees, which were to be taken from Simulis's bank account; and (6) awarded GE the $35,351.33 in Simulis's bank account with Amegy.[3] Simulis appealed the final garnishment judgment, which was assigned to this Court.

On April 17, 2008, while the appeal of the garnishment judgment was pending in this Court, the Fourteenth Court of Appeals issued its opinion and judgment in Simulis's appeal of the underlying judgment. *See Simulis, L.L.C.,* 2008 WL 1747483. That court's opinion provided that the portion of the judgment on Simulis's promissory-estoppel counterclaim was affirmed, that the portion of the judgment on its quantum meruit counterclaim was reversed, and that the cause was remanded; implicitly, the portions of the judgment that were not challenged in that appeal were left intact. *See id.* at *2–3. Nonetheless, the disposition rendered by the court's judgment differed from the disposition recited in the opinion: the court's judgment reversed the portion of the lower court's judgment rendered on Simulis's quantum meruit counterclaim; it severed that "reversed" portion of the judgment from the remainder of the lower court's judgment; it affirmed the entire judgment that had not been reversed and severed (including the portion of the judgment that GE had enforced by garnishment), rendering it final; and it remanded the cause for further proceedings. The "language of the [appellate court's] judgment controls over the conflicting language of the opinion." *See Continental Airlines, Inc. v. Kiefer,* 920 S.W.2d 274, 277 (Tex.1996). Accordingly, the disposition that is relevant to the

---

**2.** *See* Tex.R. Civ. P. 663a.

**3.** The judgment also provided that Simulis take nothing on its counterclaim in the garnishment proceeding, but the record does not

reveal what that counterclaim was, and Simulis does not complain on appeal of the portion of the judgment that disposed of its counterclaim.

instant appeal is that which is reflected in our sister court's judgment.

## Garnishment

In two issues, Simulis complains of the overruling of its motion to dissolve the writ of garnishment and of the judgment garnishing its funds at Amegy.

### A. Standard of Review

■ We review a trial court's ruling on a motion to dissolve a writ of garnishment for abuse of discretion. *See Gen. Elec. Capital Corp. v. ICO, Inc.,* 230 S.W.3d 702, 705 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). A trial court abuses its discretion if it acts without reference to guiding rules and principles or in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

### B. Failure to Obtain or to Serve Findings of Fact

In issue one, Simulis argues that the trial court erred in rendering a judgment of garnishment, and in denying Simulis's motion to dissolve the garnishment writ, because unspecified findings were never requested by GE, made by the trial court, or served on Simulis.

### 1. Procedure to Obtain a Writ of Garnishment

■ Because garnishment is a purely statutory procedure that affords a harsh remedy, "garnishment proceedings cannot be sustained unless they strictly conform to the statutory requirements and related rules." *Walnut Equip. Leasing Co. v. J–V Dirt & Loam, a Div. of J–V Marble Mfg., Inc.,* 907 S.W.2d 912, 915 (Tex.App.-Austin 1995, writ denied). Accordingly, "[t]he garnishor must strictly comply with the requirement that it serve the debtor, and its failure to comply is not a mere irregularity." *Id.*

A garnishment application "shall comply with *all statutory requirements* and shall state the grounds for issuing the writ and the specific facts relied upon by the plaintiff to warrant the required findings by the court." TEX.R. CIV. P. 658 (emphasis added). The "statutory requirements" to which rule 658 refers vary depending on the circumstances under which the writ is sought. The circumstances allowing for the issuance of a writ of garnishment—three in all—are established by Texas Civil Practice and Remedies Code section 63.001:

(1) an original attachment has been issued;

(2) a plaintiff sues for a debt and makes an affidavit stating that:

(A) the debt is just, due, and unpaid;

  (B) within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt; and

  (C) the garnishment is not sought to injure the defendant or the garnishee; or

(3) a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment.

TEX. CIV. PRAC. & REM.CODE ANN. § 63.001 (Vernon 2008).

Subsection (2) of section 63.001 applies to pre-judgment writs of garnishment. *See id.* § 63.001(2) ("a plaintiff sues for a debt" and "the debt is just, due, and unpaid"). In contrast, subsection (3) plainly applies to post-judgment garnishment. *See id.* § 63.001(3) ("a plaintiff has a valid,

subsisting judgment"); *see also Hudler–Tye Constr., Inc. v. Pettijohn & Pettijohn Plumbing, Inc.,* 632 S.W.2d 219, 221 (Tex. App.-Fort Worth 1982, no writ) ("The statutory requirements for post-judgment garnishment writs, contained in [the predecessor to section 63.001(3) ] . . . .").

Accordingly, an application for a pre-judgment writ of garnishment (and its supporting affidavit) will necessarily contain some different recitations from those in an application for a post-judgment writ of garnishment (and its supporting affidavit). *See Metroplex Factors, Inc. v. First Nat'l Bank, Bridgeport,* 610 S.W.2d 862, 866 (Tex.Civ.App.-Fort Worth 1980, writ ref'd n.r.e.) (considering predecessors to section 63.001(2) and (3), both of which were worded substantially the same as their current counterparts; holding that predecessor to section 63.001(3) applied to post-judgment garnishment proceedings, whereas predecessor to section 63.001(2) did not; indicating that post-judgment-garnishment affidavit that tracked requirements of 63.001(3), but not those of 63.001(2), would thus have been sufficient had it not been defective for totally independent reason).

### 2. Simulis's Attack

Simulis does not attack the form of, or the averments in, the affidavit supporting GE's application for post-judgment writ of garnishment. Nor does Simulis contest that GE possessed a valid, subsisting judgment. Rather, citing Texas Rules of Civil Procedure 658, 663a, and 664a, Simulis contends that the trial court should have dissolved the writ because unspecified findings of fact were never requested by GE, made by the trial court, or served on Simulis. Although it is not entirely clear from Simulis's brief what findings it contends should have been made, it appears that Simulis means the two statutory bases

for issuance of a post-judgment writ: the existence of a valid, subsisting judgment and GE's knowledge concerning Simulis's possession of property in Texas subject to execution sufficient to satisfy the judgment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 63.001(3). That is, Simulis appears to contend that these recitations in the verified application for post-judgment writ had to be "codified" in findings of fact by the trial court and that those findings of fact then had to be served on Simulis before a garnishment judgment could be rendered.

### a. The law

■■■ We begin, as we generally do when reviewing court rules, with the plain language of the rules on which Simulis relies, in order to glean their intended meaning. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d 308, 313–14 (Tex.2000) (relying first on plain language of rule of civil procedure to interpret it); *see also Lopez v. State,* 253 S.W.3d 680, 685 (Tex.Crim.App.2008) ("[W]hile courts have more flexibility when it comes to interpreting court rules, they 'should attempt to effectuate the plain language absent important countervailing considerations.' ") (quoting *Henderson v. State,* 962 S.W.2d 544, 552 (Tex.Crim.App. 1997)); *cf. Frank v. Liberty Ins. Corp.,* 255 S.W.3d 314, 324 (Tex.App.-Austin 2008, pet. denied) (concerning administrative-agency rules, stating, "The text of rules, like statutes, is the first and foremost means of achieving our primary objective: ascertaining and giving effect to the intent of the body that enacted them."). Additionally, "[t]he Code Construction Act[ [4] ] applies to the Texas Rules of Civil Procedure . . . ." *In re Walkup,* 122 S.W.3d 215, 217 (Tex.App.-Houston [1st Dist.] 2003, orig. proceeding). We should thus read rules of civil procedure in their context and

4. TEX. GOV'T CODE ANN. §§ 311.001–311.034    (Vernon 2005 & Supp.2008).

as a whole. *See* Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005); *Walkup*, 122 S.W.3d at 217; *see also Frank*, 255 S.W.3d at 324 ("We must read the enactment as a whole and not just isolated portions, giving meaning to language consistent with its other provisions.").

We have italicized below those portions of the rules on which Simulis relies:

### Rule 658. Application for Writ of Garnishment and Order

Either *at the commencement of a suit or at any time during its progress* the plaintiff may file an application for a writ of garnishment. Such application shall be supported by affidavits of the plaintiff, his agent, his attorney, or other person having knowledge of relevant facts. The application shall comply with all statutory requirements and shall state the grounds for issuing the writ and *the specific facts relied upon by the plaintiff to warrant the required findings by the court.* ... The application and any affidavits shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence; provided that facts may be stated based upon information and belief if the grounds of such belief are specifically stated.

No writ shall issue before final judgment except upon written order of the court after a hearing, which may be ex parte. *The court in its order granting the application shall make specific findings of facts to support the statutory grounds found to exist,* and shall specify the maximum value of property or indebtedness that may be garnished and the amount of bond required of plaintiff. Such bond shall be in an amount which, in the opinion of the court, shall adequately compensate defendant in the event plaintiff fails to prosecute his suit to effect, and pay all damages and costs as shall be adjudged against him for wrongfully suing out the writ of garnishment. The court shall further find in its order the amount of bond required of defendant to replevy, which, unless defendant exercises his option as provided under Rule 664, shall be the amount of plaintiff's claim, one year's accrual of interest if allowed by law on the claim, and the estimated costs of court. ...

Tex.R. Civ. P. 658 (emphasis added).

### Rule 663a. Service of Writ on Defendant

The defendant shall be served in any manner prescribed for service of citation or as provided in Rule 21a with a copy of the writ of garnishment, the application, accompanying affidavits *and orders of the court* as soon as practicable following the service of the writ. ...

Tex.R. Civ. P. 663a (emphasis added).

### Rule 664a. Dissolution or Modification of Writ of Garnishment

A defendant whose property or account has been garnished or any intervening party who claims an interest in such property or account, may by sworn written motion, seek to vacate, dissolve or modify the writ of garnishment, and the order directing its issuance, for any grounds or cause, extrinsic or intrinsic. Such motion shall *admit or deny each finding of the order directing the issuance of the writ* except where the movant is unable to admit or deny the finding, in which case movant shall set forth the reasons why he cannot admit or deny. ...

Tex.R. Civ. P. 664a (emphasis added).

#### b. Analysis

Simulis contends that service was incomplete because GE did not obtain, and serve Simulis with, an order issuing the writ that included findings of fact. In support, Sim-

ulis contends that the phrase "orders of the court" in rule 663a means the "order granting the [garnishment writ] application"-including the "specific findings of facts to support the statutory grounds found to exist" that the order must contain-referred to in the second paragraph of rule 658. *See* Tex.R. Civ. P. 663a, 658. Simulis further argues that a defendant-debtor—whether pre-or post-judgment—must have these findings so that, in its words, it will "be afforded the opportunity to admit or deny these findings ... under Rule 664a." Simulis bases its reading of these rules on the premise that the garnishment rules do not in any way distinguish between pre-and post-judgment garnishment proceedings.

■ We begin with rule 658. Although the rule's first paragraph applies to both pre-and post-judgment garnishment proceedings, the rule's second paragraph applies only to pre-judgment proceedings. The second paragraph expressly begins, "No writ shall issue *before final judgment* except upon written order of the court after a hearing, which may be ex parte." Tex.R. Civ. P. 658 (emphasis added). Everything else within this paragraph must be read in this context, such as, for example, the requirements to obtain an order granting the application with findings of fact, to have the court determine the maximum value of property or indebtedness that may be garnished, and to set a bond for the plaintiff-creditor. *See id.* Additionally, concerning the bond that the plaintiff-creditor must post, the same paragraph provides that it be "in an amount which ... shall adequately compensate de-

fendant *in the event plaintiff fails to prosecute his suit to effect. ..." Id.* (emphasis added); *see also* Tex.R. Civ. P. 658a (containing similar language: "No writ of garnishment shall issue *before final judgment* until the party applying therefor has filed ... a bond payable to the defendant in the amount fixed by the court's order, ... *conditioned that the plaintiff will prosecute his suit to effect. ...*") (emphasis added). The reason for the bond is obviously to protect the defendant-debtor if the underlying suit for debt is not prosecuted, indicating yet again that the second paragraph relates only to pre-judgment garnishment. Commentators have interpreted the requirements in the second paragraph of rule 658 to apply as we conclude that they apply,[5] and our sister court, by noting that "prejudgment garnishment proceedings afford the debtor more protection than postjudgment proceedings," [6] has also implicitly recognized that the requirements of rule 658's second paragraph apply only pre-judgment.

Given the plain meaning of rule 658, rules 663a and 664a cannot mean what Simulis argues. *See* Tex. Gov't Code Ann. § 311.011(a) (providing that words and phrases be read in context). When rule 663a provides that the defendant-debtor be served with a copy of "orders of the court," the rule means any order directing issuance of a writ of garnishment, which rule 658 requires only in a pre-judgment proceeding. Likewise, rule 664a's mandate that the application "admit or deny each finding of the order directing the issuance of the writ" can apply only in a pre-judg-

---

**5.** *See* 3 William V. Dorsaneo III, *Texas Litigation Guide* §§ 42.03[4], 42.03[5], 42.50[2], 42.101[1] (2008); Frank W. Elliott & Nancy Saint–Paul, *Texas Methods of Practice, in* 14 *Texas Practice* § 75.4 (2d ed.1996); W. Mike Baggett, *Texas Foreclosure: Law & Practice, in* 15 *Texas Practice* § 9.09 (2001).

**6.** *Swiderski v. Victoria Bank & Trust Co.,* 706 S.W.2d 676, 678 n. 1 (Tex.App.-Corpus Christi 1986, writ ref'd n.r.e.).

ment garnishment proceeding because such an order is required only at that stage.

We distinguish *Hering v. Norbanco Austin I, Ltd.*, on which Simulis relies. 735 S.W.2d 638 (Tex.App.-Austin 1987, writ denied). In *Hering*, the plaintiff-creditor did not serve the defendant-debtor with a copy of the writ of garnishment, so that the debtor had no notice of the garnishment proceeding until he discovered it accidentally. *Id.* at 639. The court held that actual notice of the garnishment proceeding did not supplant the requirement to serve the garnishment writ on the defendant-debtor in compliance with rule 663a. *Id.* at 641. In reaching this conclusion, the court noted that rule 663a had been amended in 1978 to provide that debtors in post-judgment garnishment proceedings (to whom Texas courts had previously held that notice did not need to be provided) be given the same notice that debtors in pre-judgment garnishment proceedings already enjoyed. *See id.* at 640–41. This was not a holding that all garnishment rules apply identically at all stages of the underlying litigation, but is instead a holding that Due Process requires that the debtor receive notice of the garnishment proceeding both pre-and post-judgment. *See id.; see also id.* at 641 n. 4 (*"While individual* [garnishment] *rules ... may speak more to either prejudgment or postjudgment garnishments,* the rules, taken as a whole, do not make such distinctions, but apply in both instances.") (emphasis added). Under rule 658, the extent of that notice will take different forms depending on at what stage of the underlying litigation the garnishment writ is sought. We also distinguish the other authorities that Simulis cites because in none of those cases did the court hold or imply that the second paragraph of rule 658 applied to post-judgment garnishment proceedings. *See El Periodi-*

*co, Inc. v. Parks Oil Co.*, 917 S.W.2d 777, 779 (Tex.1996); *In re L.A.M. & Assocs.*, 975 S.W.2d 80, 84 (Tex.App.-San Antonio 1998, orig. proceeding); *Hudler–Tye Constr., Inc.*, 632 S.W.2d at 221.

We hold that the trial court did not abuse its discretion in denying Simulis's motion to dissolve the writ of garnishment, and in rendering a final judgment of garnishment, for the reason that GE failed to obtain or to serve findings of fact on Simulis. We overrule issue one.

## B. Garnishment of Current Wages for Personal Services

In issue two, Simulis argues that the trial court erred in rendering a judgment of garnishment, and in denying Simulis's motion to dissolve the garnishment writ, because its bank account that was garnished held funds that Simulis used to pay its employees' current wages, which it contends are exempt from garnishment. At the hearing on its motion to dissolve the writ, Simulis presented testimony that the garnished Amegy bank account was used "solely for payroll," although the account had been used for "other things" before, and that Simulis's "payroll ... deposited into that account" included monies for personal services already performed by employees and monies for contractors.

The Texas Constitution protects current wages from garnishment: "No current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered: (1) child support payments; or (2) spousal maintenance." Tex. Const. art. XVI, § 28. Texas statutory law does likewise: "Except as otherwise provided by state or federal law, current wages for personal service are not subject to garnishment. The garnishee shall be discharged from the garnishment as to any debt to the defendant for current wages." Tex. Civ. Prac. & Rem. Code Ann. § 63.004 (Vernon 2008).

"The purpose of current wages being exempt from garnishment and execution is to protect the employee in meeting and defraying the current expenses of living,"[7] and the employee to be protected is the debtor himself. *See* TEX. CONST. art. XVI, § 28 cmt. (Vernon 1993) (describing constitutional article's purpose as protecting debtor and family); TEX. CIV. PRAC. & REM.CODE ANN. § 63.004 ("The garnishee shall be discharged from the garnishment as to any debt *to the defendant* for current wages."); *see also Dempsey v. McKennell,* 2 Tex.Civ.App. 284, 286, 23 S.W. 525, 526 (Galveston 1893, no writ) (speaking of "the debtor" when considering purpose of the current-wage exemption); *Gaddy v. First Nat'l Bank of Beaumont,* 283 S.W. 277, 279 (Tex.Civ.App.-Beaumont 1923, no writ) (speaking, in dictum, of wage-earner's "paying *his* debt voluntarily" when discussing current-wage exemption) (emphasis added). Simulis has directed us to no case in which the current-wage exemption for garnishment was interpreted to mean funds held in reserve for the current wages of employees other than the debtor. Neither have we found such a case.

Simulis argues that the policy considerations underlying the exemption support its position, but they do not. The current-wage exemption protects the debtor-employee from garnishment because, without it, he would not be able to earn a living: garnishment of his current wages necessarily prevents him from receiving the only funds that his employer will pay him. In contrast, the garnishment of the bank account from which debtor Simulis pays its own employees will not necessarily preclude those employees from receiving their current wages: for example, Simulis may allocate other funds to pay those employees or may borrow funds to cover that amount. This is no different a situation from that regularly facing any employer, *i.e.,* the allocation of its budget to meet various needs, such as paying creditors, paying employees and contractors, and purchasing supplies.

We hold that the current-wage exemption for garnishment did not apply to the garnished funds. We thus further hold that the trial court did not abuse its discretion in denying Simulis's motion to dissolve the writ of garnishment. We overrule issue two.

## Conclusion

We affirm the judgment of the trial court.

---

7. *Davis v. Raborn,* 754 S.W.2d 481, 483 (Tex. App.-Houston [1st Dist.] 1988), *vacated upon* *settlement,* 795 S.W.2d 716 (Tex.1990).