Opinion issued February 16, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00512-CV

———————————

John L. Stephens, Appellant

V.

Dyck O'Neal,
Inc., Appellee



 



 

On Appeal from the 400th District Court

Fort Bend County, Texas



Trial Court Case No. 09DCV176743

 



 

MEMORANDUM OPINION

          John
Stephens appeals the trial court’s denial of his motion to dissolve a
post-judgment writ of garnishment.  He
contends that the trial court abused its discretion in doing so because the
funds subject to the writ are current wages and therefore exempt from
garnishment.  Finding no error, we
affirm.

Background

          Stephens
defaulted on a second mortgage held by Dyck O’Neal,
Inc., the mortgage holder.  Dyck O’Neal obtained a judgment against Stephens in excess
of $50,000, from which Stephens did not appeal, and Dyck
O’Neal obtained a writ of execution on the judgment.  It was returned unpaid.  

Dyck O’Neal
learned through post-judgment discovery that Stephens had accounts at JSC
Federal Credit Union (JSC).  Dyck O’Neal applied for a post-judgment writ of garnishment
against JSC seeking to satisfy at least part of the judgment debt through funds
in Stephens’s accounts.  JSC answered,
and Stephens appeared pro se, protesting the garnishment.  The parties entered into an agreed final judgment
providing that Dyck O’Neal recover $4,515.78 “from
the funds of [Stephens] currently being held by [JSC] from [Stephens’s] credit
union accounts, and/or the garnished funds.” 
The judgment also discharges JSC of liability beyond that amount.  

          The
day after the trial court signed the agreed final judgment, Stephens moved to
dissolve the writ of garnishment, alleging that the funds on deposit in his JSC
accounts were current wages exempt from garnishment.  After an evidentiary hearing, during which Stephens
did not present any evidence that the garnished funds were wages, the trial
court denied the motion.

Discussion

The Texas Rules of Civil Procedure
provide that a defendant whose property or account has been garnished may seek
to vacate, dissolve, or modify a writ of garnishment by sworn written motion
that admits or denies “each finding of the order directing the issuance of the
writ except where the movant is unable to admit or deny the finding, in which case
movant shall set forth the reasons why he cannot admit or deny.”  Tex.
R. Civ. P. 664a.  The movant bears
the burden to prove the asserted ground for dissolution.  See id.
 We review a trial court’s ruling on a
motion to dissolve a writ of garnishment for abuse of discretion.  Simulis, L.L.C. v. G.E. Capital Corp., 276
S.W.3d 109, 112 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing Gen. Elec.
Capital Corp. v. ICO, Inc., 230 S.W.3d 702, 705 (Tex. App.—Houston [14th
Dist.] 2007, pet. denied)).  A trial
court abuses its discretion if it acts without reference to guiding rules and
principles or in an arbitrary or unreasonable manner.  Id.
(citing Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241–42 (Tex. 1985)).

Relying on General Electric Capital Corp. v. ICO, Inc., Stephens contends that
his electronically deposited paycheck retained its exempt status as current
wages even after its deposit into his credit union account.  See
230 S.W.3d at 705. 
Current wages are not subject to garnishment in Texas.  See Tex. Const. art. XVI, §
28; Tex. Civ. Prac. &
Rem. Code Ann. § 63.004 (West 2008); Simulis, L.L.C. 276 S.W.3d at 116–17. 
But “[t]he protection of the constitutional exemption may be lost when
the wages are under the control of the employee and the employee voluntarily
leaves them with his employer or collects and deposits them with someone else.”  ICO,
230 S.W.3d at 707. 


In ICO, the judgment creditor obtained a writ to garnish severance
payments that the judgment debtor’s former employer owed him after failing to
renew his employment contract.  Id. at 704.  At the hearing on his motion to dissolve the
writ, the judgment debtor presented evidence that his employment contract
provided that he would receive a severance payment equivalent to one year’s
salary if the employer chose not to renew it.  Id.  When the parties were unable to reach an
agreement concerning the contract’s renewal, they disputed whether the
severance should be paid out in a lump sum or in installments over a full year,
and ultimately compromised that it would be paid out over a six-month
period.  Id. 

The judgment creditor contended
that the debtor’s severance lost its exempt status when the he agreed to have
it paid over a six-month period.  Id. at 707.  The court of appeals disagreed, observing
that the debtor’s inability to collect the severance in a lump sum was not of
his own choosing.  Id. at 708.  Addressing the element of voluntariness, the court
noted “that an employee does not voluntarily leave money with an employer when
the employee negotiates . . . to force the
employer to pay the wages owed.”  Id. at 709.  The court of appeals thus concluded that the
trial court did not abuse its discretion by dissolving the writ of
garnishment.  Id.

In contrast, Stephens contends that
his wages retained their exempt status on deposit into his credit union account
because they were deposited by electronic transfer.  The Tyler Court of Appeals rejected a similar
contention in Fitzpatrick v. Leasecomm Corp.  See No. 12-07-00487-CV, 2008 WL 4225973,
at *3 (Tex. App.—Tyler Sept. 17, 2008, pet. denied) (mem.
op.).  Relying on a well-settled line of
authority that stops the constitutional safe harbor for wages once a debtor
deposits them into a bank, the court of appeals observed that the legal effect
of a deposit is the same whether the funds are deposited in person at a
teller’s window or by electronic transfer. 
Id.  Like the judgment debtor in Fitzpatrick, Stephens did not show that
he had not authorized his employer to make an electronic transfer to the
account, or even prove that the account consisted entirely of wages.  We hold that Stephens did not prove a current-wages
exemption to defend against the writ of garnishment.  Accordingly, the trial court was within its
discretion to deny Stephen’s motion to dissolve the writ of garnishment.




 

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                      Jane
Bland

                                                                      Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.