COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          Leslie Wm. Adam & Associates v. AMOCO Federal Credit Union

Appellate case number:    01-15-00879-CV

Trial court case number:  1026220-801

Trial court:                          County Civil Court at Law No. 4 of Harris County

By order dated March 9, 2017, this court forwarded a copy of the appellate record, a blank docketing statement, and a copy of the Pro Bono Program Pamphlet to appellee, Terence Martinez. We also stated that a briefing deadline would be set once Martinez had sufficient time to retain counsel. Martinez has not responded. We issue the following order.

Appellee Martinez's brief in response to appellant's brief (enclosed with this order) is **due 30 days from the date of this order.** Martinez already has been served with a copy of the brief of appellee, Amoco Federal Credit Union.

It is so ORDERED.

Judge's signature: /s/ <u>Michael Massengale</u>
                            ☒  Acting individually


Date:  <u>April 27, 2017</u>

ACCEPTED
01-15-00879-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/22/2016 3:10:46 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-00879-CV

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/22/2016 3:10:46 PM

CHRISTOPHER A. PRINE
Clerk

### IN THE COURT OF APPEALS
### FOR THE FIRST JUDICIAL DISTRICT
### OF TEXAS AT HOUSTON

_____


### LESLIE WM. ADAMS & ASSOCIATES
*Appellant,*

*v.*

### AMOCO FEDERAL CREDIT UNION
*Appellee.*

_____


### ON APPEAL FROM THE HARRIS COUNTY
### CIVIL COURT AT LAW NO. 4, HARRIS COUNTY, TEXAS
### TRIAL COURT CASE NO. 1026220-801

_____


### APPELLANT'S BRIEF
### LESLIE WM. ADAMS & ASSOCIATES

_____


**LESLIE WM. ADAMS & ASSOCIATES**
**Leslie Wm. Adams**
**State Bar No. 00869810**
**Lingling E. Dai**
**State Bar No. 24074104**
**3700 Buffalo Speedway, Suite 420**
**Houston, Texas 77098**
**Tel: (713) 728-6360**
**Fax: (713) 728-6366**
**LWA@LeslieWmAdams.com**
**ATTORNEYS FOR APPELLANT**

# IDENTITIES OF PARTIES AND COUNSEL

Pursuant to the Texas Rules of Appellate Procedure, Appellant herewith states that the name of all parties and counsel to this appeal are:

NAME OF PARTY:  Leslie Wm. Adams & Associates

| Representing Appellant on Appeal: | Representing Appellant at Trial: |
|---|---|
| Leslie Wm. Adams | Leslie Wm. Adams |
| State Bar No. 00869810 | State Bar No. 00869810 |
| Angelle M. Adams | Angelle M. Adams |
| State Bar No. 24055081 | State Bar No. 24055081 |
| 3700 Buffalo Speedway, Suite 420 | 3700 Buffalo Speedway, Suite 420 |
| Houston, Texas 77098 | Houston, Texas 77098 |
| Telephone: (713) 728-6360 | Telephone: (713) 728-6360 |
| Facsimile: (713) 728-6366 | Facsimile: (713) 728-6366 |

NAME OF PARTY:  Amoco Federal Credit Union

| Representing Appellee on Appeal: | Representing Appellee on Appeal: |
|---|---|
| Thomas Cain | Thomas Cain |
| State Bar No. 03606300 | State Bar No. 03606300 |
| 711 Sixth Street North | 711  Sixth Street North |
| Post Office Drawer 872 | Post Office Drawer 872 |
| Texas City, Texas 77592-0872 | Texas City, Texas 77592-0872 |
| Telephone: (409) 948-4466 or | Telephone: (409) 948-4466 or |
| Telephone: (713) 488-6344 | Telephone: (713) 488-6344 |
| Facsimile: (409) 948-4766 | Facsimile: (713) 948-5766 |

# RECORD REFERENCES

## CLERK'S RECORD:

The pleading records consist of two (2) Clerk's Records. The Clerk's Record is referred to herein as (R.), followed by a page reference. The Supplemental Clerk's Record is referred to herein as (SR.), followed by a page reference.

## REPORTER'S RECORD:

The Reporter's Record consists of one (1) Reporter's Record in one (1) volume. The Reporter's Record is referred to herein as (Tr.), followed by a page reference.

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL…………………………………………….ii

RECORD REFERENCES……………………………………………………....…iii

TABLE OF CONTENTS…………………………………………………………....iv

INDEX OF AUTHORITIES………………………………………………….......vi

INTRODUCTION………………………………………………….…..……….....1

STATEMENT OF THE CASE……………………………………………..……...1

STATEMENT REGARDING ORAL ARGUMENT………………………………...5

ISSUES PRESENTED FOR REVIEW……………………………………..............5

     ISSUE 1:    The trial court erred by granting Judgment-Debtor's Motion to Dissolve, in part…………………………………………………………………..5

     ISSUE 2:    The trial court erred in finding that \$33,000 of the garnished funds were exempt…………………………………………………….…5

     ISSUE 3:    Judgment-Debtor failed to meet his burden of proof………..…5

     ISSUE 4:    The trial court's abuse of discretion damages the Garnishee..5

STATEMENT OF FACTS……………………………………………………………6

SUMMARY OF THE ARGUMENTS……………………………………………..7

STANDARD OF REVIEW………………………………………………………...7

ARGUMENT

     ARGUMENT FOR ISSUE 1:
     The trial court erred by granting Judgment-Debtor's Motion to Dissolve in part………………………………………………………….................8

ARGUMENT FOR ISSUE 2:
The trial court erred in finding that $33,000 of the garnished funds were exempt…………………………………………………………….…..11

ARGUMENT FOR ISSUE 3:
Judgment-Debtor failed to meet his burden of proof…………...……….13

ARGUMENT FOR ISSUE 4:
The trial court's abuse of discretion damages the Garnishee…………........15

CONCLUSION …………………………………………………………..16

PRAYER…………………………………………………..…………………18

CERTIFICATION…………………………………………………...…20

CERTIFICATE OF SERVICE …………………………………………………...20

CERTIFICATE OF COMPLIANCE ………………………………….…..20

CLERK'S RECORD…………………………………..………..……ON FILE

REPORTER'S RECORD…………………………………...………….…ON FILE

v

# INDEX OF AUTHORITIES

**CASES**

*Am. Express Travel Related Servs. v. Harris,*
831 S.W.2d 531, 533 (Tex.App.—Houston [14th Dist] 1992, no writ)……8, 11, 12

*Amergy Bank, N.A. v. Southern Crushed Concrete, Inc.,*
NO. 01-07-00359-CV, 2009 WL 94375 (Tex.App.—Houston
[1st Dist] 2009 pet. den.)……………………………………………………12, 15, 16

*Art & Frame Direct, Inc. v. Dallas Mkt. Ctr. Oper., L.P.,*
380 S.W.3d 325, 329 (Tex.App.—Dallas 2012, no pet.)…………………......9

*Bank One Texas v. Sunbelt Savings,*
824 S.W.2d 557, 558 (Tex.1992)…………………………………………..…9

*Beggs v. Fite,*
130 Tex. 46, 106 S.W.2d 1039, 1042 (1937)………………………………….9

*Chandler v. El Paso National Bank,*
589 S.W.2d 832 (Tex.App.—El Paso 1979)…………………………………...18

*Downer v. Aquamarine Operators, Inc.,*
701 S.W.2d 238, 241 (Tex.1985)…………………………………………..8

*Fitzpatrick v. Leasecomm Corp.,*
No. 12-07-00487-CV (Tex.App.—Tyler 2008), 2008 WL 4225973……………12

*General Electric Capital Corporation v. ICO, Inc.,*
230 S.W.3d 702, 705 (Tex.App.—Houston [14th Dist] 2007, pet. denied...8, 10, 13

*Intercontinental Terminals v. Hollywood Marine,*
630 S.W.2d 861, 832 (Tex.App.—Houston [1st Dist] 1982 pet. denied)………...16

*Moody National Bank v. Riebschlager,*
946 S.W.2d 521, 523 (Tex.App.—Houston [14th Dist] 1997……………….…9, 17

*Provident Life & Accident, Inc. Co. v. Knott,*
128 S.W. 3d 211, 215 (Tex.2003)………………………………………………8

*Simulus, LLC v. G.E. Capital Corporation,*
276 S.W.3d 109 (Tex.App.—Houston [1st Dist] 2008)…………..8, 10, 11, 13, 15

*Valence Operating Co. v. Dorsett,*
164 S.W.3d 656, 661 (Tex. 2005)……………………………………………….8

*Walnut Equip. Leasing Co. v. J-V Dirt & Loam,*
907 S.W.2d 912, 915 (Tex.App.—Austin 1995, writ denied)……………………13

**STATUTES**

Tex. Civ. Prac. & Rem. Code §63.003 …………..…………………………………...2

31 CFR 212…………………………………………………………….............12

Tex. Civ. Prac. & Rem. Code §63.001-005………………………………...9, 10, 11

Texas Constitution, Art. XVI §28……………………………………………...11

Tex. Civ. Prac. & Rem. Code §63.003(b)…………………………………....…16

Tex. Civ. Prac. & Rem. Code Chapter 63……………………………………….8

31 C.F.R. §§ 212.7-8………………………………………………………13

**RULES**

Tex. R. Civ. P. 664a..……………………………………3, 9, 10, 11, 13, 17, 18

Tex. R. Civ. P. 329b(g)……………………………………………………..4

Tex. R. Civ. P. 657-679……………………………………………..…8, 9

Tex. R. Civ. P. 668……………………………………………………10, 11, 18

## A.      Introduction

1.      Appellant is Leslie Wm. Adams Attorney At Law PLLC, dba Leslie Wm. Adams & Associates ("Appellant").  Appellee is AMOCO Federal Credit Union ("Appellee" or "AMOCO").  Appellant is appealing a decision in *Leslie Wm. Adams & Associates v. AMOCO Federal Credit Union,* Cause No. 1026220-801, County Civil Court at Law No. 4, Harris County Texas, granting in part the Motion to Dissolve Writ of Garnishment granted in favor of Judgment-Debtor Terence Martinez ("Judgment-Debtor" or "Martinez").

## B.      Statement Of The Case

2.      This appeal addresses a modification of the writ of garnishment over Appellant's objection.  Appellant presented expert testimony to support the Garnishee's finding that more than sufficient nonexempt funds were available to satisfy the judgment.  The court's decision to reduce the amount allowed under garnishment was an abuse of discretion and against the weight of the evidence.

3.      Appellant obtained a final judgment against Judgment-Debtor Martinez on March 18, 2014, in the County Civil Court at Law No. 4 of Harris County, Texas, in Cause No. 1026220 styled *Leslie Wm. Adams & Associates v. Terence Martinez* for $41,235.20 in actual damages, $2,858.50 in attorney's fees, $248.00 in Court costs, including pre-judgment at the rate of 5% per annum and

1

post-judgment interest at the rate 5% per annum.[1] (R. 10)[2].

4. On July 2, 2014, Appellant filed an Application for Writ of Garnishment in County Court of Law 4. (R.4-10). The writ was granted and served on Appellee AMOCO Federal Credit Union on July 29, 2014. (SR. 112).

5. Appellee filed a verified Answer on August 14, 2014, indicating that One Hundred Eight Thousand Six Hundred One and 56/100 Dollars ($108,601.56) in exempt funds from Judgment-Debtor's savings and checking accounts were available, in addition to an Independent Retirement Account that was exempt from garnishment. (R.13-15). On July 29, 2015, Appellee determined to release funds in excess of $46,748.03 to Judgment-Debtor without leave of court. (R.61-63). *See* Civ. Prac. & Rem. Code §63.003, Amended Answer of Appellee filed January 15, 2015. (R.61 – 64).

6. Judgment-Debtor was properly notified of the Writ of Garnishment (R.7) and filed his Motion to Dissolve the Writ of Garnishment on or about July 30, 2014 claiming that the funds sought were exempt from garnishment because: "All monies held at the AMOCO FCU came from disability payments from the following: Department of Veteran Affairs; Social Security Disability and CIGNA Group, Disability Management Solutions." (R.11-12). On November 26, 2014, April 6, 2015, and June 3, 2015 Judgment-Debtor filed amended Motions to

---

[1] The total amount identified in the writ of garnishment was $46,748.03, which includes the actual damages, attorneys' fees, costs of court, and pre-judgment interest totaling $2,406.33.
[2] Due to omissions in the clerk's record, a supplemental record was filed. References are to R and SR, respectively.

2

Dissolve, with a fourth and live Amended Motion to Dissolve filed on August 3, 2015. (R.118). None of the motions contained any exhibits, data or calculations to support the repeated allegation that "All monies held" by Appellee came from disability payments. None of the motions were verified or contained affidavits as required by Tex.R.Civ.P. 664a: "A defendant whose property or account has been garnished or any intervening party who claims an interest in such property or account, may *by sworn written motion*, seek to vacate, dissolve or modify the writ of garnishment, and the order directing its issuance, for any grounds or cause, extrinsic or intrinsic." (Emphasis added.) Judgment-Debtor did file numerous documents regarding his health and benefits. *See* R.27-60; 65-85.

7. Appellee was served with a business records subpoena to obtain Judgment-Debtor's bank account records for the purpose of confirming which funds held by Appellee are exempt from garnishment as alleged, if any. (SR.5). The return of the subpoena was filed with the Court. *Id.* Appellant delivered the documents produced to a forensic accountant for analysis. *See* SR.24.

8. On October 12, 2015, a hearing on Judgment-Debtor's motion was held and the Court[3] found that only Twelve Thousand Eight Hundred Sixty-nine and 64/100 Dollars ($12,869.64) of the $106,482 in funds in the AMOCO accounts could be classified as non-exempt. (R.87, Transcript ("Tr.") 38-42). Despite the

---

[3] Senior Judge Sharolyn Wood presiding, sitting for Judge Roberta Lloyd.

Judgment-Debtor's statement in his Fourth Amended Motion to Dissolve that he is "not mentally or emotionally competent to stand trial or participate in a court hearing," he appeared, argued and gave testimony. (Tr. 23). Based on Judgment-Debtor's unsupported testimony that he had deposited $33,000[4] in insurance proceeds in an unspecified AMOCO account, (Tr.26:3-5), the Court found that amount exempt. (Tr. 38-42). The Court reduced the funds to be disbursed to Appellant under the writ of garnishment to $12,869.64 without considering either the amount calculated to be nonexempt by the forensic accountant of $106,482, or the amounts already released by Appellee of Sixty-one Thousand Eight Hundred Sixty and 15/100 Dollars ($61,860.15).

9. Appellant filed a motion for reconsideration within 30 days after the Court signed the judgment. TEX. R. CIV. P. 329b(g); (R.42). Appellant demonstrated that $33,075.00 was paid in cash. (SR.75). Appellant argued that because the prior ruling of the trial court was contrary to controlling law and not supported by the facts, the court should reconsider its prior ruling, and on reconsideration, order disbursement of the full amount of the judgment, plus costs of opposing Judgment-Debtor's motions, including the costs of the Forensic Accountant and Business Records Subpoena.

---

[4] As noted below, the deposit to which judgment creditor refers was in the amount$33,075. However, the amount deducted by the trial court was $33,976.75. The amount is not material to the analysis. For convenience, $33,000 is used to refer to the amount of judgment debtor's claim.

4

10.    The trial court declined to revisit the decision of the presiding judge (R.106).[5]  Appellant filed a notice of appeal. (R.89).  No funds have been disbursed by Garnishee Appellee.

## C.    Statement Regarding Oral Argument

11.    The Court should grant oral argument because it would give the Court a more complete understanding of the facts presented in this appeal.  Appellant argues that the trial court's decision is not supported by the record or controlling law.  Because this appeal concerns the interaction of three parties (garnishor, garnishee and judgment debtor), oral argument will permit questions from the panel to resolve ambiguities in the record.

## D.    Issues Presented For Review

Issue 1:   The Trial Court Erred By Granting Judgment-Debtor's Motion To Dissolve In Part

Issue 2:   The Trial Court Erred In Finding That $33,000 Of The Garnished Funds Were Exempt.[6]

Issue 3:  Judgment-Debtor Failed To Meet His Burden Of Proof.

Issue 4:   The Trial Court's Abuse Of Discretion Damages The Garnishee

## E.    Statement Of Facts

---

[5] No explanation for Judge Wood's appearance appears in the record.
[6] The final judgment reflects a reduction of $33,976.75, awarding Appellant $12,869.64 in nonexempt funds.  The court's calculation is not in the record and is unexplained.

5

12.     Appellant represented the Judgment-Debtor in a suit in Galveston County alleging fraud by a contractor hired to perform repairs after Hurricane Ike in 2008.  [[footnote] The matter was complicated by apparent fraud in representing the existence of liability insurance held by the contractor.  Suit was brought against the contractor and insurance broker when damage occurred during reconstruction and insurance coverage failed.

13.     The case was tried to a jury and a verdict was returned awarding Judgment-Debtor $39,670.00.

14.     Judgment-Debtor refused to pay his legal fees to Appellant, resulting in demand letters, suit and the judgment that is the subject of the writ of garnishment. (R.10).

15.     Appellant garnished funds from Garnishee AMOCO Federal Credit Union in the amount of $108,601.50 (r.13) following the necessary formalities, including citation on the Garnishee, Appellee here, and service on the Judgment-Debtor.  Judgment-Debtor, representing himself, filed multiple motions to dissolve the writ that did not comply with the Civil Practice and Remedies Code or the Texas Rules of Civil Procedure.

16.     Appellant obtained business records and sought the analysis of a forensic accountant.  At trial on the merits, the forensic accountant submitted expert testimony confirming the finding of Appellee that $106,482 in funds were

6

available to satisfy the $44,093.70 plus costs and interest specified in the writ of garnishment. Notwithstanding the evidence, the trial court found that $33,000 in Judgment-Debtor's funds were exempt, reduced the garnished funds to $12,869.64, ignored the exempt funds in excess of that amount and entered a final Order For Disbursement of Garnished Funds and Release (R.87, Tr.38-42) from which Appellant appeals.

## F.   Summary Of The Arguments

17.   The trial court abused its discretion in failing to follow rules and statutory authority governing garnishments, finding that all but $12000 of the garnished funds were exempt, against the great weight of the evidence. The trial court further abused its discretion in accepting Judgment-Debtor's defective pleadings. These errors resulted in reversible error. As a result, Judgment-Debtor obtained relief from the garnishment to which he was not entitled, injuring Appellant, and potentially Garnishee AMOCO Federal Credit Union. The order of garnishment should be remanded to the trial court to correct the error and order disbursement of the garnished funds, and to consider additional issues raised by this appeal.

## G.   Standard Of Review.

18.   In reviewing the trial court's application of the law, the reviewing court is not bound to the trial court's decision except as to the applicable facts,

7

because the trial court is not in a superior position to ascertain or apply the relevant legal principles. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Inc. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

19. From this Court regarding review of garnishment:

> We review a trial court's ruling on a motion to dissolve a writ of garnishment for abuse of discretion. *See Gen Elec. Capital Corp v. ICO, Inc*. 230 S.W.3d 702, 705 (Tex.App.-Houston [14th Dist] 2007, pet. denied). A trial court abuses its discretion if it acts without reference to guiding rules and principles or in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc*. 701 S.W.2d 238, 241 (Tex. 1985).

*Simulis, LLC v. G.E. Capital Corporation*, 276 S.W.3d 109, 112 (Tex.App.-Houston [1st Dist.] 2008. "Precedent from this court dictates that we apply an abuse of discretion standard to resolve whether the dissolution of a writ of garnishment was improvidently granted. *See Am. Express Travel Related Servs. v. Harris,* 831 S.W.2d 531, 533 (Tex.App-Houston [14th Dist] 1992, no writ." *Gen. Elec. Capital Corp v. ICO, Inc*. 230 S.W.3d 702, 705 (Tex.App.-Houston [14th Dist.] 2007, pet. denied).

## H. Argument

### Issue 1: The Trial Court Erred By Granting Judgment-Debtor's Motion To Dissolve In Part

20. Garnishment is governed by the Civil Practice and Remedies Code, Chapter 63, and the Texas Rules of Civil Procedure. 657 – 679. A writ of

garnishment is available if:

> [A] plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment.

Civ. Prac. & Rem. Code §63.001(3). Rule 664a provides:

> A defendant whose property or account has been garnished or any intervening party who claims an interest in such property or account, may by sworn written motion, seek to vacate, dissolve or modify the writ of garnishment, and the order directing its issuance, for any grounds or cause, extrinsic or intrinsic.

21. In *Moody National Bank v. Riebschlager*, the Fourteenth Court of Appeals stated:

> The writ of garnishment affords a harsh remedy that is provided purely by statute. *Beggs. v. Fite* 130 Tex. 46, 106 S.W.2d 1039, 1042 (1937); see Tex Civ Prac & Rem Code §§ 63.001 – 005. (Vernon 1986 & Supp. 1996); Tex. R. Civ. P. 657 – 679. For this reason, garnishment proceedings cannot be sustained unless they strictly conform to the statutory requirements and related Rules.

946 S.W.2d 521, 523 (Tex.App.-Houston [14th Dist.] 1997). When properly issued, a writ of garnishment "impounds funds in the hands of the Appellee at the time the writ is served through the date the Appellee is required to answer." *Art & Frame Direct, Inc. v. Dallas Mkt. Ctr. Oper. L.P.* 380 S.W.3d 325, 329 (Tex.App-Dallas 2012, *no pet*.)

22. While a garnishment is between the judgment creditor and a third party garnishee in possession of the judgment debtor's property, *Bank One Texas*

9

*v. Sunbelt Savings,* 824 S.W.2d 557, 558 (Tex.1992), the judgment debtor must be given notice of the proceeding and is provided an opportunity to contest the proceeding. *Simulis v. G.E. Capital supra* at 114. Under Rule of Civil Procedure 664a, a defendant whose property or account has been garnished may seek to vacate, dissolve, or modify the writ of garnishment for any grounds or cause, extrinsic or intrinsic. *General Electric Capital Corporation v. ICO, Inc.,* 230 S.W.3d 702, 705 (Tex.App.-Houston [14th Dist.] 2007, *pet. den.*)

23. Texas Rule of Civil Procedure 668 provides:

> Should it appear from the answer of the garnishee or should it be otherwise made to appear and be found by the court that the garnishee is indebted to the defendant in an amount, or was so indebted when the writ of garnishment was served, *the court shall render judgment for the plaintiff against the garnishee for the amount so admitted or found to be due to the defendant from the garnishee, unless such amount is in excess of the plaintiff's judgment against the defendant with interest and costs, in which case, judgment shall be rendered against the garnishee for the full amount of the judgment already rendered against the defendant , together with interest and costs of the suit in the original case and also in the garnishment proceedings.* (Emphasis added.)

24. In its answer, garnishee admitted that funds were available in excess of the amount of Appellant's judgment against judgment creditor. (R.13). Judgment creditor attempted to vacate and dismiss the writ without presenting good grounds, intrinsic or extrinsic, and failed to carry his burden as movant. Tex. R. Civ. P. 668. Because Appellant proved the amount available and held by garnishee was in excess of the amount of the judgment, Tex. R. Civ. P. 668, and because the

10

judgment debtor did not prove "any grounds or cause" to vacate, dissolve or modify the writ, Tex. R. Civ. P. 664a, it was an abuse of discretion by the trial court to refuse to enter judgment on the writ for the amount of the judgment held by appellant. Tex. R. Civ. P. 668; *see Simulis, supra.*

### Issue 2:  The Trial Court's Finding That $33,000 Was Exempt Was Incorrect

25.  The trial court found approximately $33,000 in garnished funds held by Appellee were exempt funds based on Judgment-Debtor's testimony. (Tr.38-42).  Judgment-Debtor did not provide any authority regarding the nature of the claim or a basis for its exemption.  There is no statutory exemption for the proceeds of settlement from garnishment.  Furthermore, the records of the Appellee indicate that the deposit of $33,075 was made in cash.  (SR.75-76).  There is no exemption for cash deposits.  If the funds had been exempt, the funds received by a debtor lost their classification as exempt by the act of using the exempt funds in a financial transaction.  Even funds invested from payroll lose their status. *Am. Express Travel Related Servs. v. Harris,* 831 S.W.2d 531 (Tex.App.-Houston [14th Dist] 2008).  Only in the limited cases of certain federal benefits explicitly protected by statute do exempt funds retain that status after use or commingling.  Otherwise, exempt funds, including pay protected by the Texas Constitution, are available for garnishment once a judgment debtor moves the funds from the protected class into commerce, investments, or cash. *Id.*

11

26. This principle is confirmed in the Texas appellate courts:

> A long line of garnishment cases has consistently held that wages cease to be "current" and are no longer exempt when they are received by the wage earner or become subject to wage earner's control. *See Am. Express Travel Related Servs. v. Harris,* 831 S.W.2d 531 (Tex.App.-Houston [14th Dist] 2008). If the wage earner deposits them with another, they are subject to garnishment.

*Fitzpatrick v. Leasecomm Corp.,* No.12-07-00487-CV (Tex.App.-Tyler 2008), 2008 WL 4225973. Four unpublished cases, appended, were provided to the trial court. See SR.77-105.

27. The identified funds, $33,075.00, were deposited as a cash deposit on December 20, 2013. (R.75-76). As a cash deposit, they are not exempt from garnishment. *Am. Express, supra* at 533. Furthermore, the funds were deposited seven months prior to the date of garnishment, and were not subject to identification as exempt because they were received outside the "lookback period" to which the Appellee was subject under federal law. See 31 CFR 212. Finally, there is no evidence whatsoever, and no legal theory suggested, that would substantiate Judgment-Debtor's bald claim that the funds are exempt. The only evidence submitted to the court indicates that debtor made a cash deposit of funds without reference to source. Accordingly, it was an abuse of discretion for the trial court to order the funds paid to the Judgment-Debtor by the Appellee. *See Amegy Bank N.A. v. Southern Crushed Concrete, Inc.* No. 01-07-00359-CV, 2009 WL 943758, (Tex.App.-Houston [1st Dist.] 2009, pet. den.) (SR. 78).

12

### *Issue 3: Judgment-Debtor Failed to Meet His Burden of Proof*

28.     When the defendant/judgment creditor moves to "vacate, dissolve or modify" under Texas Rule of Civil Procedure 664a, the burden is on the Appellant: "The writ shall be dissolved unless, at such hearing, the plaintiff shall prove the grounds relied upon for [the writ's] issuance . . . . *The movant shall, however, have the burden to prove that the reasonable value of the property garnished exceeds the amount necessary to secure the debt*." *Id.,* emphasis added. *Simulis*, like *General Electric,* considered the exemption of current wages from garnishment. In *Simulis,* the First Court of Appeals found that the trial court did not abuse its discretion in denying the motion to dissolve because the exemption did not apply to the garnished funds. In *General Electric,* the Fourteenth Court of Appeals affirmed the granting of the motion to dissolve because the severance pay of the judgement debtor did not "lose" its status as exempt under the circumstances of that case.

29.     The burden is on the Judgment-Debtor to demonstrate the applicability of exemptions. Tex. R. Civ. P. 664a; *see* 31 C.F.R §§ 212.7 – 8; *see also Walnut Equip. Leasing Co. v. J-V Dirt & Loam*, 907 S.W.2d 912, 915 (Tex. App. – Austin 1995, writ denied). Here, Judgment-Debtor presented no legal or factual basis to support his claim that all the money held in his AMOCO bank accounts was exempt from garnishment. The burden of proof is on Judgment-

13

Debtor to provide proper evidence of the characterization of any exempt and non-exempt funds in his accounts, and he has failed to do so.

30.     At the hearing on the merits of this garnishment matter, Appellant introduced expert testimony from Certified Public Accountant and Certified Fraud Examiner, Lara A. Carter.[7]  Ms. Carter conducted an independent analysis of Judgment-Debtor's AMOCO bank records and submitted a detailed report of her analysis and conclusions regarding the status of the funds held in the AMOCO bank accounts.  (R. __; Expert Report of Lara A. Carter dated July 20, 2015, admitted as evidence without objection).  Ms. Carter testified that of the total funds held in the bank account, $106,482.00 was non-exempt.  (Tr.12-13).  As reflected in her expert report, Ms. Carter conducted a comprehensive analysis and erred on the side of caution with regard to any deposits where the payer could not be identified or confirmed based on the documents provided.  *Id.* at 5, Tr.10-11)  Those unknown deposits were not included in the non-exempt category.  *Id.*  Her conservative analysis of Judgment-Debtor's AMOCO bank accounts concluded that there were sufficient non-exempt funds in the accounts to satisfy the judgment; however, the Court only allowed for the release of $12,869.64, plus attorneys' fees for the Appellee.[8]

---

[7] A complete description of her thorough analysis and conclusions can be found in her expert report, which was admitted into evidence without objection.
[8] This "tracing" of funds has been found to be the appropriate means to determine whether funds are exempt or nonexempt where funds are commingled.  *See Charles F. Williamson v. State of Texas*, Nos 03-11-00786-CV, 03-

31. The only evidence presented in response to Ms. Carter's expert testimony was the oral testimony of Judgment-Debtor. The Appellee did not challenge her findings, which were identical to that presented in Appellee's answer. Judgment-Debtor did not submit any documents or evidence to support his claims, nor did he have any witness evaluate the legal status of the money, nor did he attempt to trace the funds to exempt sources; he only gave self-serving testimony that all of the money was exempt. Judgment-Debtor's testimony was general, vague and conclusory, and failed to provide specific evidence or support to corroborate his broad claim that all money in his credit union accounts was exempt from garnishment. He failed to meet his burden of proof and further failed to provide credible evidence to contradict Appellant's expert witness testimony. *Simulis, supra.*

### Issue 4: The Trial Court's Abuse Of Discretion Damages The Garnishee

32. The court's order incorrectly withholding nonexempt funds creates a new issue for Appellee AMOCO. Appellee released $60,699 to Judgment-Debtor from the garnished funds without leave of court. Appellee's Amended Answer filed January 1, 2015. Under *Amegy Bank N.A. v. Southern Crushed Concrete, Inc.*, No. 01-07-00359-CV, 2009 WL 943758 (Tex.App.-Houston [1st Dist] 2009 *pet. den.*) (Appended). Appellee will be liable to Appellant for improperly releasing

11-00344-CV, 2013 WL 3336869 (Tex.App.-Austin 2013, pet, den.)(SR.87); *Mohican Oil & Gas LLC v. Chapco, Inc.,* No. 13-10-00694-CV 2011WL 5999605 (Tex.App.-Edinburg 2011) (SR.93).

15

funds without this Court's order, notwithstanding that: (1) Appellee agrees that over $106,000 was nonexempt; (2) Appellee impounded sufficient funds to satisfy the judgment; and (3) Appellee does not oppose the garnishment. In *Amegy Bank N.A*, the Court stated:

> Because transfers that violate the freeze or impoundment effected by the writ [of garnishment] are void by statute, Tex. Civ Prac. & Rem. Code §63.003(b), a Appellee "acts at his peril" if it releases to the judgment debtor funds or assets impounded or frozen by the writ. *See Intercontinental Terminals c. [v. Hollywood Marine]* 630 S.W.2d 861, 863 (Tex.App.-Houston [1st Dist] 1982 pet.den.)

Accordingly, the incorrect finding that the $33,000 was exempt would result in the Judgment-Debtor retaining nonexempt funds pursuant to the judgment of this Court; denying Appellant the benefit of this Court's judgment; and making the Appellee liable to pay the $33,000 from the assets of the Credit Union rather than from the property of the Judgment-Debtor. *Id.*

33. The trial court's abuse of discretion has consequences beyond Appellant and Judgment-Debtor in Appellant's motion for reconsideration. The trial court stated she would not reconsider the decision of the sitting judge. This Court should accept the credible testimony and conclusions of the expert witness, and reverse the decision of the trial court.

## I.     CONCLUSION

34. To be clear, Appellant did not and does not seek to attach exempt funds, but no legal basis was presented to the trial court to support the reduced

16

findings in the Final Order for Disbursement of Garnished Funds and Release. At the hearing on Judgment Creditor's motion to dissolve, Appellant produced ample evidence and expert opinion to establish its legal right to garnishment and refute the unsupported arguments of Judgment-Debtor. Although the burden to prove that certain funds are exempt from garnishment shifted to Judgment-Debtor, he produced absolutely no evidence, other than his own self-serving statements, to support his blanket assertion that all the funds are exempt. To the contrary, the expert testimony elicited by Appellant along with the supporting bank records of Appellee, prove conclusively, as a matter of law, that the AMOCO bank accounts contained sufficient non-exempt funds to satisfy the underlying judgment.

35. Garnishment is a remedy only available through statutory authority and a procedure that requires strict adherence to the rules. *Moody National, supra.* Appellant has complied with the procedures, obtained the writ, properly served Appellee and noticed Judgment-Debtor, and documented the existence of $106,482 in exempt funds to satisfy the $46,748.03 due under the judgment. Appellee responded properly by sworn answer, impounded the funds and confirmed that at least $106,482 were nonexempt.

36. Judgment-Debtor, on the other hand, filed five motions to dissolve that the trial court treated as motions under Tex. R. Civ. P. 664a; submitted no affidavit or verification as required by that Rule; and offered no evidence to

contradict the determinations by Appellant and Appellee that over $106,000 in exempt funds were available to satisfy the judgment. It appears that the trial court offered a *pro se* Judgment-Debtor multiple opportunities to support his position without requiring him to comply with the applicable rules. As a result, Judgment-Debtor remains liable for the judgment and growing interest; Appellee faces the loss of $33,000 in credit union funds for having released nonexempt funds correctly impounded by Appellee to Judgment-Debtor; and Appellant will be penalized for having complied with the Rules. The trial court should have denied Judgment-Debtor's motion under Rule 644a. Instead, it committed reversible error. *Chandler v. El Paso National Bank*, 589 S.W.2d 832 (Tex.App.-El Paso 1979).

## PRAYER

Appellant prays that this Honorable Court will set aside the judgment of the trial court and remand this case for consideration consistent with the order of this court. That order should provide that the evidence and record supports the finding that Garnishee had $106,482 in exempt funds belonging to Judgment-Debtor available for garnishment at the date of service of the writ, and accordingly, Garnishee should be ordered to disburse the amount of judgement, interest, costs and fees to Appellant Garnishor, including costs and fees pursuant to Texas Rule of Civil Procedure 668.

Respectfully Submitted,

**LESLIE WM. ADAMS & ASSOCIATES**

LESLIE WM. ADAMS
TEXAS BAR NO. 00869810
ANGELLE M. ADAMS
TEXAS BAR NO. 24055081
LING E. DAI
TEXAS BAR NO. 24074104
BENJAMIN E. FELTNER
TEXAS BAR NO. 24090094
3700 Buffalo Speedway, Suite 420
Houston, TX 77098
713-728-6360 (Voice)
713-728-6366(Facsimile)
LWA@LeslieWmAdams.com
(Email)
**ATTORNEYS FOR APPELLANT**

## CERTIFICATION

I certify that I have reviewed the foregoing pleading and concluded that every factual statement in the pleading is supported by competent evidence to be included in the record as required by TRAP 38.1

/s/ Leslie Wm. Adams
Leslie Wm. Adams

## CERTIFICATE OF COMPLIANCE

The undersigned certifies pursuant to Texas Rule of Appellate Procedure 9.4(i)(3) that this computer generated brief contains 4416 words in 14-point, Times New Roman typeface, according to the word count calculated by Word 2013, the software used to create the document.

/s/ Leslie Wm. Adams
Leslie Wm. Adams

## CERTIFICATE OF SERVICE

Pursuant to Tex. R. App. P. 9.5(d), I certify that on the 22nd of July, 2016, a copy of this pleading has been served on lead counsel for Appellee and interested parties by delivery by electronic service, mail or facsimile addressed as follows:

MABRY, HERBECK & ROBERTS
Thomas Cain
711 Sixth Street North
Post Office Drawer 872
Texas City, Texas 77592-0872
Fax: (409) 948-4766
**ATTORNEY FOR APPELLEE**